UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERARDI,<br><br>        Petitioner,<br>v.<br><br>DANIEL PARAMO,<br><br>        Respondent. | Case No. 13cv1598-BTM (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE PURSUANT TO *RHINES*, BUT GRANTING A STAY PURSUANT TO *KELLY***<br><br>[ECF No. 4] |

      This Report and Recommendation is submitted to United States District Judge Barry T. Moskowitz pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Currently before the Court is a motion to stay and abey federal proceedings while Petitioner George Berardi, a state prisoner, exhausts his claims in state court. ECF No. 4.

      On July 9, 2013, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 1 ("Pet."). On July 12, 2013, Petitioner filed a Motion to Stay and Abey to exhaust a potentially dispositive issue in state court. ECF No. 4 ("Mot. Stay"). Pursuant to the Court's briefing schedule, Respondent timely filed his opposition to Petitioner's motion on August 9, 2013. ECF No. 7-1 ("Opp'n"). After requesting an extension of time, Petitioner timely filed his reply on September 2, 2013. ECF No. 11 ("Reply").

The Court has considered the above documents as well as the record as a whole. Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion for Stay and Abeyance be **GRANTED IN PART AND DENIED IN PART**.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner began federal habeas proceedings on July 9, 2013 when he filed his Petition for Writ of Habeas Corpus. Pet. Petitioner filed the currently-operative First Amended Petition on July 15, 2013. ECF No. 6 ("FAP"). In his petition, Petitioner claims that his constitutional rights were violated when the trial court denied his motion for a new trial due to juror misconduct and when he received ineffective assistance of counsel from his appellate attorney who failed to brief the issue of Petitioner's trial attorney's "refusal to allow Petitioner to testify and the use of the trial judge of the wrong standard to assess prejudice." FAP at 22. Petitioner notes that the juror misconduct claim "has been fully exhausted," but that the ineffective assistance of counsel "claim is unexhausted and is pending in the state Supreme Court." Id. at 3-5.

On July 12, 2013, Petitioner filed a motion to stay. Mot. Stay. In his motion to stay, Petitioner asks the Court to hold his FAP in abeyance while he exhausts his ineffective assistance of counsel claim in state court. Id. at 2. In support, Petitioner contends that "a stay is proper because the claim Petitioner is litigating in state court is potentially meritorious and because there is good cause" and because "[a] successful resolution of any of this claim in state court will render moot further proceedings on this petition." Id. at 2-3. Respondent contends that Petitioner is not entitled to a stay pursuant to Rhines because he has not established good cause for his failure to exhaust his state court remedies, but that the "Court may grant [Petitioner's] stay pursuant to Kelly." Opp'n. at 6.

## DISCUSSION

### I.   LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C.A. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim

may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Rieger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). However, claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert[ ] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

Claims articulated in a federal habeas petition also must be the "substantial equivalent" of those previously presented to the state courts. Pappageorge v. Summer, 688 F.2d 1294, 1295 (9th Cir. 1982); Vasquez v. Hillery, 474 U.S. 254, 258 (1986) (a petitioner must "present [ ] the substance of his claim to the state courts"). The requirement of substantial equivalency is not rigid, and the state habeas petition may be exhausted even when it does not spell out each syllable of the federal claim. Delgado v. Lewis, 181 F.3d 1087, 1091 (9th Cir. 1999) (vacated and remanded on other grounds, 528 U.S. 1122 (2000)). Additionally, arguments presented to the federal court may be supplemented with evidence not provided to the state court, so long as the additional information does not "fundamentally alter" the claim. Vasquez, 474 U.S. at 260.

If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions"); see also Rhines v. Weber, 544 U.S. 269, 274-78 (2005) (confirming continued applicability of "total exhaustion" rule even after AEDPA imposed one-year statute of limitations on habeas claims).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Generally a court may not consider a "mixed" habeas petition, that is a petition that contains or seeks to present both exhausted and unexhausted claims. Rose, 455 U.S. at 522. If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines, 544 U.S. at 278. Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in Rhines and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F. 3d 1143 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claims. Rhines, 544 U.S. at 276. This stay and abeyance is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78.

A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King, 564 F.3d at 1135. However, the petitioner only is allowed to amend his newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-664 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 646. A new claim does not "relate back" to an existing claim simply because it arises from "the same trial, conviction or sentence." Id. If the newly-exhausted claim is not timely under the AEDPA or the relation-back doctrine, it may not be added to the existing petition. Haskins v. Schriro, 2009 WL 3241836, *3

(D. Ariz. Sept. 30, 2009). If amendment is futile, a stay is inappropriate. Id. at *7.

## II.     GOOD CAUSE UNDER RHINES

Petitioner argues that a stay is proper under Rhines. Mot. Stay at 4. In support, Petitioner argues that since his unexhausted claim is a federal constitutional claim that could lead to relief in federal court, a stay is proper under Rhines as long as there is good cause which exists here. Id. at 5. Specifically, Petitioner states that since (1) there have been no "abusive litigation tactics or intentional delay or intentionally dilatory litigations tactics," (2) he has already filed his state court habeas petition, and (3) Petitioner's "one-year statute will have expired in the next few hours left in the court day before petitioner can notify the federal court of the fact the claim has been exhausted," good cause has been shown and a stay is proper. Id. at 6-7 (internal citations omitted).

Respondent contends that Petitioner should not be granted a stay pursuant to Rhines "as he has failed to demonstrate good cause for his failure to exhaust his state remedies before filing his federal Petition." Opp'n at 5-6. Respondent notes that the only reason given by Petitioner for his failure to fully exhaust his claims is that counsel "did not get this case until two months ago" and contends that Petitioner, who sought a new trial because of his counsel's ineffectiveness for failing to have him testify and who testified in a hearing on the matter, was aware of his unexhausted claim at the time of trial and should have presented the claim to the California Supreme Court. Id. at 8-9. Respondent also argues that the FAP could be dismissed because it was signed by Petitioner's counsel, "but not signed and verified by [Petitioner] as required by Rule 2 of the Rules Governing Section § 2254 Cases and 28 U.S.C. 2242." Id. at 6. Finally, Respondent argues that Petitioner "qualifies for a stay pursuant to *Kelly*," but that Petitioner's claim would still be subject to procedural default in state court which may "bar subsequent federal habeas review of the claim." Id. at 12.

In response, Petitioner reiterates that there is good cause for a stay under Rhines because he is arguing that "his appointed attorney . . . interfered with his ability to present his petition to the state courts" which "may support a finding of cause excusing procedural default." Reply at 2. Petitioner further explains that "[P]etitioner contends that counsel interfered with his overt

efforts to ensure that certain claims were raised on appeal by totally disregarding [P]etitioner's request" which in turn, "interfered with [P]etitioner's efforts to put his case before state courts and have the issues federalized for possible federal habeas corpus" constituting good cause under Rhines.  Id. at 3.

Petitioner has failed to establish good cause for a stay pursuant to Rhines.  Stay and abeyence pending exhaustion of claims in state court is only available in "limited circumstances" where the petitioner shows good cause for his failure to previously exhaust.  Rhines, 544 U.S. at 277.  The paramount concern in considering a motion to stay is adherence to AEDPA's twin objectives of encouraging petitioners to "seek relief from state courts in the first instance" and "reduc[ing] delays in the execution of state and federal criminal sentences."  Id. at 276; Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008).  In light of these objectives, Petitioner's arguments for his failure to exhaust his claims do not constitute good cause.  Granting the instant motion to stay would directly contradict AEDPA's goal of encouraging petitioners to exhaust their claims without returning to state court.

While there is not a lot of existing case law to guide a determination of good cause for failure to exhaust in a Rhines analysis, and "[t]he Ninth Circuit has explained that the Rhines good cause standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims" [Mora v. McDonald, 2009 WL 2190182, *4 (C.D. Cal. July 17, 2009) (citing Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005))], the Ninth Circuit has also held that a petitioner's mere "impression" that his attorney had included a claim in an appellate brief does not constitute good cause as such a standard "would render stay-and-abey orders routine" and thus, "would run afoul of Rhines."  Mora, 2009 WL 2190182 at *4 (quoting Wooten, 540 F.3d at 1024).  The district courts are split on the issue being presented here, whether or not the ineffective assistance of post-conviction counsel constitutes good cause in support of a Rhines motion to stay.  See Riner v. Crawford, 415 F. Supp. 2d 1207, 1210 (D. Nevada Feb. 3, 2006) (stating that "[t]he federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings").

This Court agrees with the reasoning of the courts finding that the alleged ineffective assistance of post-conviction counsel does not constitute good cause under Rhines. Any other finding would permit all habeas petitioners to "argue that appellate counsel failed to raise certain issues against the petitioner's wishes to establish good cause." Gray v. Ryan, 2012 WL 4976953, *4 (S.D. Cal. Oct. 27, 2012) (denying petitioner's motion to stay where petitioner failed to show good cause for his failure to exhaust his claims and merely stated that "appellate counsel did not raise the two unexhausted claims in contravention of his wishes and for reasons unknown to him" and noting that "[i]f petitioner wanted to raise those issues and appellate counsel disagreed with Petitioner, Petitioner could have raised them himself at that time"); see also Leon v. Barnes, 2013 WL 1628342, * 3 (E.D. Cal. April 15, 2013) (finding that petitioner's reasoning for failing to exhaust his claims did not constitute good cause under Rhines where petitioner argued that "appellate counsel did not raise his unexhausted claims against petitioner's wishes"); Meredith v. Lopez, 2011 WL 2621359, *3 (E.D. Cal. June 30, 2011) (finding no good cause where petitioner "assert[ed] a stay is warranted because his trial and appellate counsel refused to address the unexhausted claims in the state courts despite his insistence that they do so"); Hernandez v. California, 2010 WL 1854416, *2 (N.D. Cal. May 6, 2010) (finding that petitioner failed to establish good cause for a stay under Rhines where petitioner claimed he failed to exhaust his claims in part because "his appellate counsel refused to present [his] claims" and noting that this type of refusal by appellate counsel is a "common occurrence" and that "[c]ircumstances such as these that exist for the vast majority of petitioners do not show good cause for excusing non-exhaustion"). Accordingly, Petitioner's argument that his appellate counsel's refusal to present the issue of the ineffective assistance of his trial counsel constitutes good cause for a Rhines stay fails.

Because Petitioner fails to show good cause for his failure to exhaust his claim, the Court need not consider the whether his arguments are plainly meritless or whether Petitioner engaged in intentionally dilatory litigation tactics. Wooten, 540 F.3d at 1023. The Court therefore **RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **DENIED**.

///

### III. A STAY PURSUANT TO KELLY

Because a Rhines stay is not available to Petitioner, the Court will consider if Petitioner is eligible for a stay pursuant to Kelly. Under the Kelly procedure, a court may grant a stay unless the new and unexhausted claims are untimely and, therefore, may not be added to the existing petition. Haskins, 2009 WL 3241836 at *7. To determine whether Petitioner's new claims are untimely, the Court will consider the AEDPA time limits.

#### A.   Statute of Limitations

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). The one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D). Here, the California Supreme Court denied Petitioner's petition for review on April 11, 2012. Lodgment 13. The statute of limitations began to run ninety days later on July 10 2012. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari). Absent tolling, the limitations period expired one year later on July 10, 2013. 28 U.S.C. § 2244(d). Petitioner filed a federal petition for writ of habeas corpus on July 9, 2013 [ECF No. 1], so the exhausted claims asserted in the FAP are timely.

Accordingly, the Court **RECOMMENDS** that Petitioner be permitted a stay under Kelly pending state court exhaustion of his new claim. To comply with the Kelly procedure, the Court further recommends that Petitioner be required to file an amended federal habeas petition deleting his unexhausted claim within seven (7) days from the date of the order adopting this

Report & Recommendation.  The Court will then stay and hold in abeyance the amended, fully exhausted petition while Petitioner continues to exhaust the deleted claims.  Petitioner will then be responsible for amending his federal habeas petition to reattach his newly-exhausted claims to the original petition in a timely fashion.[1]  If he can not demonstrate that the claim is timely or relates back to the original exhausted claim, Petitioner will be unable to litigate the new claim in this Court.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation and (2) **DENYING** Petitioner's Motion for Stay and Abeyance pursuant to Rhines, but **GRANTING** a stay pursuant to Kelly.

**IT IS ORDERED** that no later than **October 11, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 1, 2013**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED: September 18, 2013

BARBARA L. MAJOR
United States Magistrate Judge

---

[1] The Court is aware that the window for Petitioner to amend his Petition with the newly exhausted claim is very limited and that other issues, such as equitable tolling due to the Asiana Airliner plane crash in San Francisco, may or may not prevent Petitioner from timely filing an amended petition with the newly exhausted claim.  However, since the possibility of timely amending and filing his petition with the newly exhausted claim does exists, no matter how unlikely, the Court finds a stay pursuant to Kelly appropriate.  Once Petitioner returns to federal court after the resolution of the state exhaustion proceedings, Respondent is free to raise any arguments related to the statute of limitations or relation back, which the Court will address at that time.  See Hoyos v. Cullen, 2011 WL 11425, * 11 (S.D. Cal. Jan. 4, 2011).