UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERARDI,<br><br>                                Petitioner,<br><br>    vs.<br><br>DANIEL PARAMO, Warden,<br><br>                                Respondent. | Civil No. 13cv1598-BTM (BLM)<br><br>**ORDER:**<br><br>**(1)  DECLINING TO ADOPT REPORT AND RECOMMENDATION;**<br><br>**(2)  DENYING MOTION FOR STAY AND ABEYANCE AS MOOT; and**<br><br>**(3)  SETTING BRIEFING SCHEDULE** |

Petitioner is a state prisoner proceeding by and through counsel with a First Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  This matter comes before the Court on Petitioner's Motion to Stay this action pending exhaustion of state court remedies as to one of the two claims presented.  The first claim, alleging juror bias, was presented to and rejected on the merits by the state court on direct appeal, and Petitioner's state court remedies were therefore exhausted with respect to that claim at the time this action was commenced; the second claim, alleging ineffective assistance of trial counsel for preventing Petitioner from testifying at trial, was presented to the state supreme court in a habeas petition which was filed the day after the original federal Petition here was filed, and Petitioner's state court remedies were therefore unexhausted with respect to that claim at the time federal habeas proceedings were commenced.  In his Motion for Stay, Petitioner's counsel indicates that he was

retained with approximately two months remaining on the one-year federal statute of limitations, that the state court habeas petition was submitted to the state court with five days remaining on the one-year federal statute of limitations but was not filed until the last day of the statute of limitations due to circumstances beyond his control, that the pending state habeas petition "was filed well within the state law time limits for filing state habeas petitions," and that this Court should stay the federal proceedings until the state supreme court rules on the pending state habeas petition. (Pet.'s Mot. for Stay [ECF No. 4] at 4 and Ex. A.) He argues that such a stay is proper under Rhines v. Weber, 544 U.S. 269 (2005) (holding that a stay and abeyance requires a showing there are arguably meritorious claim(s) which are being diligently pursued in state court and that good cause exists for failure to timely exhaust state court remedies), because he has established good cause for the delay, because the state supreme court might grant relief and render the federal proceedings moot, and because if the state supreme court denies the pending habeas petition he will have only a few hours left on the one-year federal statute of limitations in which to timely present the newly-exhausted claim. (Pet.'s Mot. for Stay at 4-8.)

On September 18, 2014, United States Magistrate Judge Barbara L. Major issued a Report and Recommendation ("R&R") which finds that Petitioner has not established good cause to warrant a stay under Rhines, but recommends issuing a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (permitting a stay without a showing of good cause as long as the unexhausted claim is withdrawn from the federal petition while exhaustion is undertaken, and petitioner seeks to amend the federal petition with a newly-exhausted claim which is timely or relates back to a timely claim), and which cautions Petitioner that he would be obligated to prove the newly-exhausted claim is timely under the federal one-year statute of limitations. (See R&R [ECF No. 13] at 5-9.) On October 12, 2013, Petitioner filed Objections to the R&R, objecting to the finding that he has not shown good cause for a stay, and reiterating his argument that he will not have enough time to file a timely amended federal petition if the state court denies his pending state habeas petition. (Pet.'s Obj. [ECF No. 18] at 1-4.) On January 21, 2014, Petitioner filed a Notice of Denial, which states that the state supreme court summarily denied his state habeas petition on that date. [ECF No. 19.]

The Court has reviewed the R&R, the Objections, and Petitioner's Notice, pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Upon de novo review, the Court concludes that because state court remedies have now been exhausted as to all claims presented in this action, Petitioner's Motion for Stay is moot. On that basis the Court **DECLINES** to adopt the R&R. The Court also finds that Petitioner has sufficiently alleged that his claims have been presented to this Court within the one-year statute of limitations, and therefore orders a response to the First Amended Petition.

The state supreme court denied the petition for review on direct appeal in this case on April 11, 2012. (Lodgment No. 15.) The last day Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court was July 10, 2012, ninety days after entry of the state court judgement affirming the conviction. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). The one-year statute of limitations began to run the next day, July 11, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, absent tolling of the limitations period, the last day Petitioner could have timely filed a federal habeas petition was July 10, 2013. The original Petition in this case was filed on July 9, 2013, and a First Amended Petition, containing the same claims, was filed on July 15, 2013.

Petitioner's state habeas petition, which contained the then-unexhausted ineffective assistance of counsel claim, was filed on July 10, 2013, prior to the expiration of the one-year statute of limitations. (Lodgment No. 16.) That petition was summarily denied on January 21, 2014, without a statement of reasoning or citation of authority. (Pet.'s Notice [ECF No. 19] Ex. 1.) Petitioner has now exhausted his state court remedies with respect to all claims presented here, and his Motion for Stay is moot.

With respect to the timeliness of the newly-exhausted claim, Petitioner has alleged that the state habeas petition was timely filed under state court procedures. (Pet.'s Mot. for Stay at 4 and Ex. A.) "The time during which a properly filed application of State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  An untimely state petition is not "properly filed" and does not toll the statute of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2006).  A habeas petition in California "should be filed as promptly as the circumstances allow," and a petitioner "must seek habeas relief without 'substantial delay.'"  Trigueros v. Adams, 658 F.3d 983, 989 (9th Cir. 2011), quoting In re Robbins, 18 Cal.4th 770, 779 (1998) and In re Clark, 5 Cal.4th 750, 765 n.5 (1993).  The silent denial of a state habeas petition, as has been issued in this case, does not signal whether the state habeas petition was timely or untimely.  Trigueros, 658 F.3d at 990.  Rather, that is a fact-based inquiry, see id., which this Court will not undertake without further briefing.  Respondent is free to challenge Petitioner's allegation that the statute of limitations was tolled while the state habeas petition was pending, and is free to argue that the ineffective assistance of counsel claim presented in the First Amended Petition is untimely.  The Court takes no position on those issues at this time.

**CONCLUSION AND ORDER**

Accordingly, Petitioner's Motion for Stay [ECF No. 4] is **DENIED** as moot.  Respondent shall file a Motion to Dismiss or an Answer to the First Amended Petition on or before March 17, 2014.  Petitioner may file an Opposition or a Traverse on or before March 31, 2014.

**IT IS SO ORDERED.**

DATED:  February 14, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court